**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARQUIS LEE RAYNER, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | |
| : | No. 23-5187 |
| COUNTY OF CHESTER, et al., : | |
| : | |
| Defendants. : | |

**MEMORANDUM**

**J. Younge**                                                                                                            **February 28, 2024**

**I.      INTRODUCTION**

Currently before this Court is Defendants County of Chester and Detective Harold Dutter's Motion for Judgment on the Pleadings. (ECF No. 13.)[1] The Court finds this Motion appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons set forth in this Memorandum, this Motion is Denied.

**II.     FACTUAL BACKGROUND**

Plaintiff Marquis Rayner was convicted of second-degree murder, robbery, burglary, and criminal conspiracy on November 20, 2014, following a trial by jury, and ultimately served nine years, ten months, and twenty-four days of his lifetime sentence before being released on February 1, 2023. (Complaint ¶¶ 1-2, 19-20, ECF No. 1.) During that time, Plaintiff repeatedly challenged his conviction and ultimately sought habeas relief, arguing that there was insufficient evidence with which to convict him. (Complaint ¶ 21; Petition for Writ of Habeas Corpus, ECF

---

[1] When applicable, the Court adopts the pagination supplied by the CM/ECF docketing system, which does not always match the document's internal pagination.

No. 1, docket: 18-cv-4909-JMG.)  The Third Circuit reversed the district court's denial of his Petition for Writ of Habeas Corpus, finding that there was insufficient incriminating evidence to support a verdict beyond a reasonable doubt.  (Opinion Reversing Conviction, ECF No. 13-7.)

The underlying conviction stemmed from the June 29, 2012 gunpoint robbery and murder of Dominque Williams, for which three people, including Plaintiff and his brother, were ultimately charged.  (Complaint ¶ 12 & 18, ECF No. 1; Arrest Warrant, ECF No. 12-1, pp. 12-14.)  Witnesses had seen the alleged perpetrators wearing t-shirts tied around their faces, and one of these t-shirts, discovered near the crime scene, contained DNA belonging to the Plaintiff.  (Complaint ¶ 13-15 & 17.)  That same t-shirt also contained the DNA of two other people who were not identifiable based on those samples.  (Complaint ¶¶ 26-27.)  Defendant Dutter, a detective for Defendant Chester County, presented the Honorable Lori Novak Donatelli, Chester County Magisterial District Judge, with an affidavit of probable cause stating that Plaintiff's DNA had been found on the t-shirt, without reference to the other two samples.  *See* Arrest Warrant, ECF No. 12-1, pp. 12-14.  Additionally, fingerprints recovered from an item stolen from the victim matched the Plaintiff's brother, who he lived with at the time.  (Arrest Warrant, ECF No. 12-1, p. 14.)  The arrest warrant, based on this affidavit of probable cause, was issued on March 12, 2013.  (Arrest Warrant, ECF No. 12-1.)  Plaintiff argues that failing to mention that there were two other DNA samples found was intentionally deceptive and caused him to be arrested and prosecuted without probable cause and that this resulted from Defendant Chester County's "pattern and practice of unconstitutional conduct in their investigations."  *See* Complaint, ECF No. 1.

Plaintiff filed his Complaint against Defendants on December 29, 2023, alleging multiple constitutional violations under 42 U.S.C. § 1983, including (1) malicious prosecution in violation

2

of the Fourth and Fourteenth Amendments, (2) deprivation of liberty without due process of law and denial of a fair trial by fabricating evidence, withholding material exculpatory and impeachment evidence, and deliberate deception, and (3) municipal liability, as well as conspiracy to violate his constitutional rights and accompanying violations of state law.  *See* Complaint, ECF No. 1.  Defendants filed their Motion for Judgment on the Pleadings on February 12, 2024, arguing that Plaintiff had failed to plead sufficient facts supportive of his claims.  (ECF No. 13.)

### III.  LEGAL STANDARD

A party may move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).  In deciding such a motion, the court must view the facts asserted in the pleadings in the light most favorable to the non-moving party.  *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 406 (3d Cir. 1993).  A Motion for Judgment on the Pleadings will be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law."  *Kruzits v. Okuma Machine Tool, Inc.*, 40 F.3d 52, 54 (3d Cir. 1994) (quoting *Society Hill Civic Assoc. v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).  Essentially, the "court applies the same standard to a judgment on the pleadings as a motion to dismiss pursuant to Rule 12(b)(6) but may also review the answer and instruments attached to the pleadings."  *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 400 (W.D. Pa. 2012) (quoting *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010)).

### IV.  DISCUSSION

There are material issues of fact that preclude a judgment on the pleadings, and discovery is necessary to properly consider the potential merits of Plaintiff's claims.  To bring a successful claim for malicious prosecution under Section 1983, a plaintiff must show that "(1) the

defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009). Here, Plaintiff has pled sufficient facts to support his claim that Defendant Rutter intentionally omitted facts that could have the effect of undercutting his assertion of probable cause.

While the arrest warrant had been issued by a neutral judge, "an arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (internal citations omitted). Instead, an arrest warrant can be challenged by showing "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions were material, or necessary, to the probable cause determination." *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997) (citing *Franks v. Delaware*, 438 U.S. 154, 171-72 (1978)). Reckless disregard for the truth requires more than "negligence or [an] innocent mistake." *Franks*, 438 U.S. at 171. Whether a material omission constitutes a Fourth Amendment violation is based on a three-step procedure: an assessment of the evidence that was allegedly omitted, reconstruction of an affidavit of probable cause that includes that omitted information, and, finally, an assessment of the materiality of the omitted information to the probable cause determination. *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 470 (3d Cir. 2016).

That there were two other DNA samples taken from the same t-shirt believed to have been used in the commission of the crime, albeit unidentifiable, was potentially material to a

4

determination of whether the discovery of Plaintiff's DNA was sufficient to create probable cause.  As the Third Circuit pointed out in reversing Plaintiff's conviction, the t-shirt was a movable object that multiple people could have been in contact with at various times; indeed, as shown by the three DNA samples collected from that t-shirt, multiple people *had* been in contact with it, though Judge Donatelli was not informed of this.  *See* Opinion Reversing Conviction, ECF No. 12-7, pp. 4-5.  The plausible materiality of this omission is sufficient, at this stage, for Plaintiff to proceed to discovery.  The Court likewise finds that judgment on the pleadings as to Plaintiff's additional, related claims is premature.

## V.    CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings is Denied.  An appropriate Order follows.

**IT IS SO ORDERED.**

                                        BY THE COURT:

                                        /s/ John Milton Younge
                                        **Judge John Milton Younge**